Mr. Justice Thacker
delivered the opinion of the court.
Appeal, from the probate court of Hancock county.
Elias Wallis, for himself and others, heirs of Thomas Wheat, deceased, filed a petition in the probate court, alleging that the administrator of Wheat, one Jordan Morgan, had died without making a settlement or distribution of the estate; that Morgan’s administrator, Wingate, had removed some of Morgan’s property out of the state, and that his sureties upon his administration bond were insufficient to secure the petitioners. 'The petition prayed for other and good security. Upon this petition an order Avas made, citing Wingate to appear before the judge in vacation, and give additional security. Pending the issuance of this citation, Wallis and others filed another petition, setting forth statements similar to the previous petition, and charging that the *253 administrator, Wingate, was about removing still more of the property of his intestate out of the state, and prays therein for extraordinary process to restrain him in the premises. The judge, upon this petition, issued a process, under his private seal, commanding the sheriff to take possession of the property described, and to hold the same subject to the further order of the court. The record then shows a bond executed by Wingate, in compliance with the prayer of the first petition, and an order of the judge to the sheriff to return the property to Wingate. A motion afterwards made by Wingate’s attorney, to quash the process issued by the judge, rvas overruled. At a subsequent term the sheriff moved the court to tax.h.is costs, which was allowed. A motion, by Wingate, to quash the execution issued for these costs having been overruled, is now claimed to be error in -this cause.
The record, in this case, shows upon its face that the whole proceedings were highly irregular, and altogether unauthorized by law. The various orders and process made and issued by the judge in vacation, were coram nonjudice, and therefore nul-lities.
The judgment of the court below is therefore reversed, and this court, pronouncing the judgment which the probate court of Hancock county should have done, directs that the said execution be quashed.